# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

Nº 11-CV-1045 (JFB)

---

EFRAIN ZUNIGA,

Petitioner,

VERSUS

MICHAEL SPOSATO, SHERIFF OF NASSAU COUNTY CORRECTION, ET AL.,

Respondents.

---

MEMORANDUM AND ORDER
April 7, 2011

---

JOSEPH F. BIANCO, District Judge:

Petitioner Efrain Zuniga ("petitioner" or "Zuniga"), a federal pre-trial detainee, brings this action pursuant to 28 U.S.C. § 2254, seeking his immediate release from custody. For the reasons set forth below, this action is dismissed.

I. BACKGROUND

On March 3, 2011, Zuniga was charged in a Third Superseding Indictment in *United States v. Prado, et al.*, 10-cr-74 (JFB). This indictment charged Zuniga with numerous crimes, including racketeering (18 U.S.C. § 1962(c)), racketeering conspiracy (18 U.S.C. § 1962(d)), conspiracy to distribute cocaine (21 U.S.C. §§ 846 & 841(b)(1)(C)), conspiracy to murder (18 U.S.C. § 1959(a)(5)), and using a firearm during a crime of violence (18 U.S.C. §§ 924(c)(1)(A)(i) & 924(c)(1)(C)). Zuniga currently is incarcerated at Nassau County Correctional Center pending trial on these charges.

In the instant petition, which petitioner filed *pro se* on March 4, 2011, Zuniga argues that he is being unlawfully detained and, as such, he seeks a writ of habeas corpus ordering his release. Specifically, petitioner raises three grounds for his release, namely: (1) "unlawfully presenting the Nassau County Court state charges in federal court in violation to dual sovereignty role, which protects a person from double jeopardy and due process violations," (2) "unlawfully presenting the Nassau County Court state charge(s) in federal court, which has been dismissed and sealed upon termination of criminal action in favor of the accused," and (3) "[a]n unlawful arrest obtained without an arrest warrant being

issued." (Pet. at 1-3.) Based upon Zuniga's petition, it is clear that Zuniga is seeking to use his habeas petition solely as a vehicle to challenge the federal charges pending against him and to have these federal charges dismissed on the grounds of double jeopardy and due process. Indeed, in connection with each of his arguments, Zuniga plainly states that the "indictment . . . should be vacated" as a result of the alleged violations of his constitutional rights. (*See id.* at 2-3.) For the reasons set forth below, Zuniga's petition is denied.

## II. DISCUSSION[1]

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1)-(2); *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). However, when a plaintiff is proceeding *pro se*, a court has an obligation to construe his or her pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," a court cannot dismiss an action *sua sponte*. *McEachin v. McGuinnis*, 357 F.3d 197, 201 (2d Cir. 2004) (quoting *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003)).

Even liberally construed, the instant petition is frivolous. As an initial matter, although Zuniga has brought his petition pursuant to 28 U.S.C. § 2254, this section does not provide the Court with jurisdiction over this case. Specifically, § 2254 pertains only to individuals held in custody "pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Here, however, it is clear that petitioner is not challenging the judgment of a state court, but instead is challenging his ongoing federal custody based upon the Third Superseding Indictment in the federal criminal case of *United States v. Prado*. Challenges to federal custody must be brought under 28 U.S.C. § 2255. Thus, § 2254 does not provide the Court with jurisdiction here.

In any event, even if the Court liberally construed the petition as a challenge to Zuniga's custody under Section 2255, the petition would be premature. A § 2255 petition can only be brought by "[a] prisoner in custody *under sentence of a court established by Act of Congress*." 28 U.S.C. § 2255(a) (emphasis added). In this case, however, petitioner has not yet been tried, much less sentenced. Therefore, any petition under § 2255 would be premature.[2]

---

[1] As noted on the docket sheet, petitioner has been granted *in forma pauperis* status pursuant to Administrative Order 2001-06.

[2] The Court emphasizes that it is not converting this petition into a § 2255 petition. Due to the "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus under . . . § 2255," *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998), courts must ordinarily provide a petitioner with "notice and an opportunity to decline the conversion or withdraw the motion." *Simon v. United States*, 359 F.3d 139, 139 (2d Cir. 2004); *accord Castro v. United States*, 540 U.S. 375,

Furthermore, the instant petition also could not be considered under 28 U.S.C. § 2241. "With the enactment of 28 U.S.C. § 2255 . . . Congress restricted the exercise of § 2241 jurisdiction, such that federal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255, with § 2241 petitions generally reserved for challenges to the *execution* of a federal prisoner's sentence." *Cephas v. Nash*, 328 F.3d 98, 103 (2d Cir. 2003) (internal quotation marks and citations omitted) (emphasis in original). "Petitions under Section 2241 typically challenge 'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *United States v. Gonzalez*, No. 00 CR 447 DLC, 2001 WL 987866, at *2 (S.D.N.Y. Aug. 30, 2001) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). In this case, petitioner appears to be challenging the legality of his confinement, rather than the execution of his sentence or the conditions of his confinement and, accordingly, his petition is best construed as a § 2255 motion. *Heyward v. Lindsay*, No. 08-cv-336, 2008 WL 413783, at *2 (E.D.N.Y. Feb. 13, 2008).

Moreover, a petition under § 2241 "ordinarily may be filed only where a remedy under [§] 2255 would be 'inadequate or ineffective.'" *Gonzalez*, 2001 WL 987866, at *2 (quoting *Jiminian*, 245 F.3d at 147). However, the fact that the Court must delay in considering a § 2255 petition until such time as Zuniga may be convicted and sentenced does not render § 2255 an inadequate or ineffective remedy "to test the legality of [petitioner's] detention," 28 U.S.C. § 2255(e), such that a § 2241 petition would be appropriate. *See United States v. Pirro*, 104 F.3d 297, 299-300 (9th Cir. 1996) ("Accordingly, we hold that a district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective and therefore does not entitle the defendant prematurely to pursue a section 2241 habeas petition. In holding that delay in the resolution of a section 2255 motion does not entitle a defendant to bypass section 2255 in favor of section 2241, we join other circuits who have rejected arguments that the delay in the disposition of a section 2255 motion renders it an inadequate remedy." (citing *Winston v. Mustain*, 562 F.2d 565, 566-67 (8th Cir. 1977) and *Stirone v. Markley*, 345 F.2d 473, 475 (7th Cir. 1965))); *United States v. Snegirev*, No. A05-0024 CR JKS, 2005 WL 2122096, at *2 (D. Alaska Aug. 29, 2005) (denying motion to reconsider dismissal of § 2241 petition on the ground that § 2255 was not an inadequate or ineffective remedy merely because petitioner had to wait until after he was sentenced to seek relief); *Gonzalez*, 2001 WL 987866, at *3 ("[T]he filing of a pre-sentence petition pursuant to Section 2241 . . . is not appropriate."). Indeed, delaying the resolution of Zuniga's petition does not prejudice him in any way—if he ultimately is convicted and sentenced, and thus falls

---

382-83 (2003). In any event, where a § 2255 motion is not adjudicated on the merits, it does not count as the initial motion and a subsequent § 2255 motion will not be second and successive. *See Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003); *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). Because there has been no notice and because any such conversion would be futile, the Court declines to convert this petition into a § 2255 petition. Therefore, petitioner's right to file a § 2255 petition if he is convicted and sentenced will not be prejudiced by this Court's *sua sponte* decision to dismiss the instant petition under § 2254.

within the purview of § 2255, he is free to bring a § 2255 petition at that time.[3]

### III. CONCLUSION

For the foregoing reasons, the instant action under § 2254 is dismissed without prejudice to petitioner's right to file a future petition pursuant to 28 U.S.C. § 2255 after sentencing if he is convicted on the pending charges. The Clerk of the Court is instructed to enter judgment accordingly and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Date: April 7, 2011
    Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*. Defendant has not yet appeared in this action.

---

[3] The Court notes that, at today's conference in the pending criminal case against Zuniga, the Court set a briefing schedule for any pre-trial defense motions. Zuniga is free to have his counsel make a motion to dismiss the indictment based upon the grounds raised here if Zuniga and his counsel deem such a motion to be appropriate.